UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHERINE A. CURETON, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 17-2209 (RJL)
 )
KIRSTJEN NIELSEN, Secretary, )
U.S. Department of Homeland Security, )
*et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION
September 26, 2018 [Dkt. # 6]

Plaintiff, appearing *pro se*, sues the U.S. Department of Homeland Security ("DHS") and several DHS employees, claiming reprisal for engaging in protected activity under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. The complaint is far from clear but stems from an alleged negative reference that "management officials" of the Office of Chief Financial Officer ("OCFO") provided to Immigration and Customs Enforcement ("ICE") as part of a pre-employment screening investigation. Compl. ¶ III.

Pending is defendants' Motion to Dismiss [Dkt. # 6] ("Defs.' Mot.") under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which plaintiff has opposed. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss [Dkt. # 8] ("Opp'n"). Defendants contend that plaintiff failed to timely exhaust her administrative remedies and has otherwise failed to plead sufficiently under Rule 8(a) of the Federal Rules of Civil Procedure. In addition,

1

defendants contend that dismissal of all named defendants except DHS Secretary Kirstjen Nielsen is required. Plaintiff has filed an unfocused opposition recounting events that were the subject of her previous employment discrimination cases in this court. *See Cureton v. Nielsen*, 304 F. Supp. 3d 102 (D.D.C. 2018), *appeal dismissed*, No. 18-5104, 2018 WL 4099617 (D.C. Cir. July 25, 2018) (*"Cureton II"*); *Cureton v. Duke*, 272 F. Supp. 3d 56 (D.D.C. 2017), *appeal dismissed sub nom. Cureton v. Nielsen*, No. 17-5251, 2018 WL 4154788 (D.C. Cir. July 25, 2018) (*"Cureton I"*). For the reasons explained below, defendants' motion is **GRANTED**.

## BACKGROUND

Plaintiff claims generally "Employment Discrimination Based upon Reprisal, previous EEO activity during federal employment 9/2013, 8/2015, 2/2016." Compl. ¶ II. A. She "believes she has been subjected to intentional discrimination and treated unfairly by DHS" since September 16, 2013, when she filed an age discrimination claim "while employed by DHS" at the OCFO. Opp'n at 1; *see also* Compl. at 5.[1] In this case, plaintiff *reasserts* a retaliation claim that was dismissed in 2017 for failure to exhaust administrative remedies. Defs.' Mot. at 2 (citing *Cureton I*). The relevant facts follow.

### A. Adverse Fitness Decision

On March 14, 2016, plaintiff was offered the full-time position of Senior Records Manager/Project Manager with a federal contractor, BarnAllen Technologies, Inc. The position was assigned to ICE's Agency Records Management project located at an ICE

---

[1] All page citations are those automatically assigned by the CM/ECF system.

facility in Washington, D.C. *See* Compl. Attachments [Dkt. # 1-1] at 7 (offer letter). Plaintiff's "expected start date [was] contingent upon" the government's "acceptance of [her] qualifications" and "a favorable security clearance by the government." *Id.*

By letter of May 6, 2016, plaintiff was informed by Anthony Pierri, ICE's Section Chief of the Personnel Security Unit, that "based upon the investigative results" of the pre-employment screening, she was "found unfit" due to "dishonest conduct as evidenced by your failure to honor just debts." Compl. Attach. at 15 (fitness letter). Plaintiff attributes Pierri's decision to an alleged "negative reference" that certain senior managers at OCFO had allegedly provided "Anthony Pierri and/or Kim Hodge." *Id.* at 4–5. Plaintiff surmises that Pierri "overturned Ms. Hodge's favorable suitability determination" that she alleges was "granted . . . via phone." *Id.* at 5.

### B. Related EEO Activity

Meanwhile, in March 2016, plaintiff filed an EEO complaint, charging that DHS Headquarters failed to hire her in February 2016 for an advertised Management and Program Analyst position because of her prior EEO activity. *Cureton I*, 272 F. Supp. 3d at 60. Plaintiff sought to amend that charge in May 2016 to add a claim of reprisal arising from the foregoing fitness decision, but DHS denied plaintiff's request upon determining that the amended claim was "not like or related to [the original] Complaint, as it involves a different agency, *i.e.* ICE, and could not have been reasonably expected to grow out of the investigation of the original claim against this agency." *Id.* (record citations omitted). The letter provided information about pursuing an EEO claim with ICE, including the name and address of the office to contact. *Id.*

3

On reconsideration, DHS Headquarters affirmed the decision to deny the amendment as to ICE's fitness decision but permitted plaintiff to add a charge based on the alleged "negative employment reference" OCFO managers Rhonda Brooks and Chip Fulghum gave in May 2016 "in the course" of plaintiff's "candidacy for the contractor position" at BarnAllen Technologies, Inc. *See* Compl. Attach. at 1 (June 3, 2016 Amended Acceptance Letter – Revised); *see also Cureton I*, 272 F. Supp. 3d at 60–61. The appeal letter again referred plaintiff to ICE's EEO office to redress ICE's negative fitness determination. *See Cureton I*, 272 F. Supp. 3d at 60. As of October 26, 2016, ICE had no record of plaintiff's contacting ICE's Office of Diversity and Civil Rights, which "is responsible for receiving and processing EEO complaints filed by employees and applications of ICE." *Id.* at 61 (record citation omitted).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal quotations marks omitted). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "[T]he [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are

4

unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (citations omitted). This includes documents that are "referred to in the complaint and [] central to the plaintiff's claim' " even if they are produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss. *Solomon v. Office of the Architect of the Capitol*, 539 F. Supp. 2d 347, 349–50 (D.D.C. 2008) (citing *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd* 38 Fed. Appx. 4 (D.C. Cir. 2002)) (internal citations omitted). In addition, the Court may consider "matters of which it may take judicial notice," *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997), including to some extent "court records from other cases," *Hurd v. D.C., Gov't*, 864 F.3d 671, 686 (D.C. Cir. 2017).

## ANALYSIS

### A. The Proper Defendant

As before, the Court agrees that DHS Secretary Nielsen sued in her official capacity is the *only* proper defendant. Therefore, Charles Chip Fulghum, Rhonda Brooks, Diana Huron, and Anthony Pierri are dismissed as party-defendants. *See Cureton II*, 304 F. Supp. 3d at 107; *Cureton I*, 272 F. Supp. 3d at 63 (finding same).

## B. Exhaustion of Administrative Remedies

It is well-established that federal employees must exhaust their administrative remedies before bringing lawsuits in federal court under the antidiscrimination statutes, *see Gilbert v. Napolitano*, 958 F. Supp. 2d 9, 12 (D.D.C. 2013) (citing cases), for either a "retaliatory or discriminatory" act, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). *See* 29 U.S.C. §§ 633a(b)–(d); 29 C.F.R. § 1614.105(a)(1) (outlining EEOC procedures for federal employees); *Gomez-Perez v. Potter*, 553 U.S. 474, 477 (2008) (a "federal employee who is a victim of retaliation due to the filing of a complaint of age discrimination may assert a claim under the federal-sector provision of the Age Discrimination in Employment Act of 1967"); *Niskey v. Kelly*, 859 F.3d 1, 3 (D.C. Cir. 2017) (holding district court's dismissal of both discrimination and retaliation claims "for failure to exhaust [ ] administrative remedies" was proper). The process for administrative adjudication has been described as follows:

> To begin that process, the employee generally must contact an EEO counselor to complain about the alleged violation within 45 days of its occurrence. 29 C.F.R. § 1614.105. . . . If the matter is not resolved through counseling, the employee must timely file an administrative complaint with the agency's EEO office. *See* 29 C.F.R. § 1614.106(a)–(c). After the agency has the opportunity to investigate the matter, the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge. *See* 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f). A complainant may file a civil action within 90 days of receipt of the final decision from the agency or after a complaint has been pending for at least 180 days. *See* 29 C.F.R. § 1614.407.

*Cureton II*, 304 F. Supp. 3d at 108 (quoting Koch *v. Walter*, 935 F. Supp. 2d 164, 169–70 (D.D.C. 2013)). Under the ADEA, an employee may forego the administrative process by filing a notice of intent to sue with the Equal Employment Opportunity Commission

6

("EEOC") within 180 days of the alleged unlawful practice, and waiting thirty days before commencing suit in a United States district court. *Cureton I*, 272 F. Supp. 3d at 63 (citing *Peyus v. Lahood*, 919 F. Supp. 2d 93, 99 (D.D.C. 2013)); *see also* 29 U.S.C. §§ 633a(c)-(d).

Defendant contends that the time for plaintiff to pursue her remedies with regard to the negative fitness determination began to run on May 11, 2016, when she allegedly received Pierri's letter. Defs.' Mot. at 10–11. Plaintiff does not claim, and the record does not show, that she contacted an EEO counselor within 45 days (by June 26, 2016), or filed an intent-to-sue notice with the EEOC within 180 days (by November 8, 2016). Rather, plaintiff contends, apparently based on the Court's previous dismissal of certain claims without prejudice, that she was "granted . . . consent to re-file the case as it related to the unfavorable suitability decision issued by Anthony Pierri, Senior ICE official." Opp'n at 2. Therefore, she posits, this "case should be allowed to proceed without a decision . . . on the motion to reinstate the Age Discrimination Complaint also filed in October 2017," in *Cureton I*. *Id.*; *see also* Opp'n Ex. A at 4–6. Plaintiff fails to mention that the motion to reinstate was denied because it sought to revive her claim predicated on EEO charges made in 2013, which was dismissed as time-barred. *See Cureton I*, No. 16-cv-1270, March 6, 2018 Order [Dkt. # 35]. Nevertheless, for the reasons discussed next, the Court finds that plaintiff has failed to state a viable claim.

### C. Retaliation

"To prove unlawful retaliation, a plaintiff must show: (1) that [she] opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action

7

against [her]; and (3) that the employer took the action 'because' the employee opposed the practice." *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). The first element is not satisfied "if the practice the employee opposed is not one that could reasonably and in good faith be regarded as unlawful under Title VII[.]" *Id.* The second element requires a showing of action "that would have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)) (other citation omitted). The third element requires a causal link between the adverse employment action and the protected activity, *i.e.*, the protected activity "was the but-for cause" of the adverse decision. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343, 362 (2013) (following *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009) (ADEA case)).

In support of her claim, plaintiff offers (1) sweeping allegations about her EEO activity since September 2013, and (2) Pierri's negative fitness decision, which presumably led to the rescission of the federal contractor's job offer with ICE.[2] Plaintiff has not alleged in the complaint or opposition that Pierri was aware of her EEO activity and disqualified her for that reason. In her opposition in fact, plaintiff clarifies that Pierri "did not directly

---

[2] Plaintiff's claim that OCFO managers Rhonda Brooks and Chip Fulghum provided a negative employment reference to ICE was accepted as an additional charge in the EEO complaint against DHS Headquarters, *see* Compl. Attach. At 1 (June 3, 2016 Amended Acceptance Letter – Revised), and is not a subject of this litigation. To the extent that the complaint may be construed as including a claim based on that allegation, the outcome is the same because the presumed rescinded job offer based on the unfit decision is the only materially adverse action gleaned from the complaint.

8

discriminate against" her "in the handling of [her] Public Trust re-investigation" but "simply failed to follow the appropriate procedures outlined in the DHS Personnel Security Procedures for former agency employees with outstanding debt." Opp'n at 2. But a "finding of a failure on the part of the prospective employer to follow its own regulations and procedures, alone, may not be sufficient to support a finding of age discrimination. . . .[I]t is essential that the claimant establish discriminatory motive." *Johnson v. Lehman*, 679 F.2d 918, 922 (D.C. Cir. 1982) (internal quotation mark omitted)). And without a viable employment discrimination claim, plaintiff's retaliation claim has no traction under federal law. *See Hairston v. Vance-Cooks*, 773 F.3d 266, 272 (D.C. Cir. 2014) (instructing that "[e]ven if a plaintiff was victimized by poor selection procedures, we may not second-guess an employer's personnel decision absent demonstrably discriminatory motive") (quoting *Fischbach v. D.C. Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, defendants' motion is **GRANTED**, and plaintiff's complaint is **DISMISSED**. A separate Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

9